| | |
|---|---|
| Jennifer C. Pizer (CA Bar No. 152327)<br>Lambda Legal Defense and Education Fund<br>4221 Wilshire Blvd., Suite 280<br>Los Angeles, CA 90010<br>(213) 590-5903<br>jpizer@lambdalegal.org | Jeffrey B. Dubner (DC Bar No. 1013399)<br>(admitted *pro hac vice*)<br>Kristen Miller (DC Bar No. 229627)<br>(admitted *pro hac vice*)<br>Sean A. Lev (DC Bar. No. 449936)<br>(admitted *pro hac vice*)<br>Democracy Forward Foundation<br>P.O. Box 34553<br>Washington, DC 20043<br>jdubner@democracyforward.org<br>kmiller@democracyforward.org<br>slev@democracyforward.org<br>Telephone: (202) 448-9090 |
| M. Currey Cook (NY Bar No. 4612834)<br>(admitted *pro hac vice*)<br>Lambda Legal Defense and Education Fund<br>120 Wall St., 19th Fl.<br>New York, New York 10005<br>ccook@lambdalegal.org<br>Telephone: (212) 809-8585 | |
| Sasha Buchert (OR Bar No. 070686)<br>(admitted *pro hac vice*)<br>Lambda Legal Defense and Education Fund<br>1776 K Street, N.W., 8th Floor<br>Washington, DC 20006-2304<br>Sbuchert@lambdalegal.org<br>Telephone: (202) 804-6245 | Kathryn E. Fort (MI Bar No. 69451)<br>(admitted *pro hac vice*)<br>Michigan State University College of Law<br>Indian Law Clinic<br>648 N. Shaw Lane<br>East Lansing, M.I. 48824<br>fort@msu.edu<br>Telephone: (517) 432-6992 |
| *Counsel for Plaintiffs* | *Counsel for Plaintiffs* |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA TRIBAL FAMILIES COALITION, YUROK TRIBE, CHEROKEE NATION, FACING FOSTER CARE IN ALASKA, ARK OF FREEDOM ALLIANCE, RUTH ELLIS CENTER, and TRUE COLORS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>ALEX AZAR, in his official capacity as Secretary of Health and Human Services, LYNN A. JOHNSON, in her official capacity as Assistant Secretary for the Administration for Children and Families, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, and ADMINISTRATION FOR CHILDREN AND FAMILIES,<br><br>Defendants. | Case No. 3:20-cv-6018-MMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

JOINT CASE MANAGEMENT STATEMENT
Case No. 3:20-cv-6018-MMC

Pursuant to the Court's Case Management Conference Order (ECF No. 38), the Parties submit this Joint Case Management Statement. In addition to the information below, the Parties note that, because this is case involves a claim for review on an Administrative Record that will be resolved through summary judgment briefing and is not expected to entail discovery, a Case Management Conference may be unnecessary in this case. Accordingly, the Parties respectfully propose that the Court cancel the scheduled Case Management Conference or continue it until a date closer in time to the summary judgment briefing, currently scheduled to begin February 1, 2021.

1. **Jurisdiction and Service**

Plaintiffs maintain that this Court has subject matter jurisdiction over Plaintiffs' claims under 5 U.S.C. § 702 and 28 U.S.C. § 1331, and venue under 28 U.S.C. § 1391(e)(1). *See* Compl. ¶¶ 16-17. All parties have been served. *See* ECF No. 30. No issues exist regarding personal jurisdiction or venue.

Defendants may dispute Plaintiffs' standing.

2. **Facts**

Plaintiffs allege that 42 U.S.C. § 679(c)(3) requires Defendant Department of Health and Human Services ("HHS") to collect "comprehensive national information" on the number of youth in foster care, their demographic and status, and their experiences in care. Compl. ¶ 2. This data collection is known as the Adoption and Foster Care Analysis and Reporting System ("AFCARS"). In 2016, Defendants HHS and its division Defendant Administration for Children and Families ("ACF") finalized regulations that updated the AFCARS requirements for the first time since 1993. *Id.* ¶¶ 3, 112-31; *see* 81 Fed. Reg. 90,524 (Dec. 14, 2016). In 2020, however, Defendants reversed two significant elements of the 2016 update, eliminating (1) certain questions related to the sexual orientation of foster youth aged 14 and older as well as legal guardians, foster parents, and adoptive parents, and (2) data collection showing how state child welfare agencies implement the requirements of the Indian Child Welfare Act, 25 U.S.C. § 1901 *et seq. See* Compl. ¶¶ 8, 176-205; 85 Fed. Reg. 28,410 (May 12, 2020) ("2020 Final Rule").

JOINT CASE MANAGEMENT STATEMENT   1
Case No. 3:20-cv-6018-MMC

Plaintiffs include two federally recognized Indian tribes, a coalition of 36 tribes based in California, a foster youth and foster care alumni organization, and three organizations that work with LGBTQ+ foster youth and/or youth who have experienced sex or labor trafficking. *Id.* ¶¶ 12, 18-47. Plaintiffs allege that the 2020 Final Rule was arbitrary and capricious because Defendants failed to provide adequate reasoned analysis, properly balance costs and benefits, consider and respond to comments, consider all relevant statutory factors, consider reasonable alternatives, acknowledge that no underlying facts had changed since 2016, explain inconsistencies between their position and the full record of research and policy findings before them, and acknowledge or justify their changes in position. *Id.* ¶ 250. Plaintiffs also allege that Defendants acted contrary to their statutory obligation under 42 U.S.C. § 679(c)(3). *Id.* ¶ 251. Accordingly, they request that the 2020 Final Rule be vacated as arbitrary and capricious under the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A).

Defendants deny the allegations and deny that Plaintiffs are entitled to any relief.

### 3. Legal Issues

As explained in the preceding section, Plaintiffs allege that the 2020 Final Rule is arbitrary and capricious and was contrary to Defendants' statutory obligations under 42 U.S.C. § 679(c)(3), and therefore must be set aside under the APA, 5 U.S.C. § 706(2)(A). Defendants dispute these allegations.

### 4. Motions

There are no prior or currently pending motions. As detailed in the Court's November 16, 2020 Scheduling Order, ECF No. 42, the parties intend to file cross-motions for summary judgment, beginning with Plaintiffs' motion on February 1, 2021 and concluding with Defendants' reply on March 29, 2021.

### 5. Amendment of Pleadings

The Parties do not expect any parties, claims, or defenses to be added or dismissed, and do not believe a proposed deadline for amending the pleadings is necessary.

### 6. Evidence Preservation

Because this is a case for review on an administrative record, it is exempt from Fed. R. Civ. P. 26(f) under Fed. R. Civ. P. 26(a)(1)(B)(i). No discovery is expected at this time.

**7. Disclosures**

Because this is a case for review on an administrative record, it is exempt from Fed. R. Civ. P. 26(a)(1) under Fed. R. Civ. P. 26(a)(1)(B)(i). No discovery is expected at this time.

**8. Discovery**

Because this is a case for review on an administrative record, it is exempt from Fed. R. Civ. P. 26(f) under Fed. R. Civ. P. 26(a)(1)(B)(i). No discovery is expected at this time.

**9. Class Actions**

Not applicable.

**10. Related Cases**

There are no related cases.

**11. Relief**

Plaintiffs seek a declaration that the 2020 Final Rule violates the APA and 42 U.S.C. § 679(c)(3); an order holding unlawful and setting aside the 2020 Final Rule; an award of attorneys' fees and costs pursuant to 28 U.S.C. § 2412; and such other relief as this Court deems proper. No damages are sought.

Defendants deny that Plaintiffs are entitled to any relief.

**12. Settlement and ADR**

The parties have discussed the prospects for settlement with each other and with their clients. All parties are in agreement that the case is not currently amenable to resolution through settlement and no party believes that ADR proceedings would be beneficial at this stage. The parties have all indicated that they are willing to discuss potential resolutions at any time should a negotiated resolution seem possible in the future, and will notify the Court promptly if they believe that ADR will be helpful.

**13. Consent to Magistrate Judge for All Purposes**

Not all parties consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties are not currently aware of any issues that can be narrowed by agreement or by motion. Because this case will be resolved on summary judgment briefing, there will be no issues regarding the presentation of evidence at trial and no need to bifurcate any issues, claims, or defenses.

**16. Expedited Trial Procedure**

Not applicable.

**17. Scheduling**

The parties believe that the Court's November 16, 2020 Scheduling Order, ECF No. 42, covers all necessary scheduling matters at this time.

**18. Trial**

Not applicable.

**19. Disclosure of Non-party Interested Entities or Persons**

Plaintiffs Ark of Freedom Alliance, California Tribal Families Coalition, Facing Foster Care in Alaska, Ruth Ellis Center Detroit, and True Colors, Inc. have each filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. *See* ECF No. 10, 11, 13, 14, 16. No persons, firms, partnerships, corporations, or other entities known to those parties have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

Plaintiffs Cherokee Nation and Yurok Tribe, as well as all Defendants, are governmental entities or agencies exempt from Civil Local Rule 3-15. *See* Civ. L.R. 3-15(a).

**20. Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. Other**

As noted above, the Parties believe that a Case Management Conference may be unnecessary at this time, because this is an action for review on an administrative record and no discovery is currently expected in this case. The Parties believe that the Court's November 16, 2020 Scheduling Order, ECF No. 42, adequately resolves all case management issues at this time. Accordingly, the Parties respectfully suggest that the Court consider cancelling or continuing the Case Management Conference currently scheduled for December 4, 2020.

Dated: November 27, 2020              Respectfully submitted,

By: /s/ *Jeffrey B. Dubner*
Jeffrey B. Dubner (DC Bar No. 1013399)
(admitted *pro hac vice*)
Kristen Miller (D.C. Bar. No. 229627)
(admitted *pro hac vice*)
Sean A. Lev (D.C. Bar. No. 449936)
(admitted *pro hac vice*)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
jdubner@democracyforward.org
kmiller@democracyforward.org
slev@democracyforward.org
Telephone: (202) 448-9090

Jennifer C. Pizer (CA Bar. No. 152327)
Lambda Legal Defense and Education Fund
4221 Wilshire Blvd., Suite 280
Los Angeles, CA 90010
(213) 590-5903
jpizer@lambdalegal.org

M. Currey Cook (NY Bar No. 4612834)
(admitted *pro hac vice*)
Lambda Legal Defense and Education Fund
120 Wall St., 19th Fl.
New York, New York 10005
ccook@lambdalegal.org
Telephone: (212) 809-8585

Sasha Buchert (Oregon Bar No. 070686)
(admitted *pro hac vice*)
Lambda Legal Defense and Education Fund

1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
Sbuchert@lambdalegal.org
Telephone: (202) 804-6245

Kathryn E. Fort (MI Bar No. 69451)
(admitted *pro hac vice*)
Michigan State University College of Law
Indian Law Clinic
648 N. Shaw Lane
East Lansing, M.I. 48824
fort@msu.edu
Telephone: (517) 432-6992

*Counsel for Plaintiffs*

DATED:  November 27, 2020

Respectfully submitted,

DAVID L. ANDERSON

United States Attorney

 /s/ *Emmet P. Ong*

EMMET P. ONG

Assistant United States Attorney

*Attorneys for Defendants Alex Azar, in his official capacity as Secretary of Health and Human Services; Lynn a. Johnson, in her official capacity as Assistant Secretary for the Administration for Children and Families; U.S. Department of Health and Human Services; and Administration for Children and Families.*