# EXHIBIT F

# Element-By-Element Comparison of 2016 Rationale With 2019 and 2020 Rationales

**Data Element: Reason to Know That A Child is an Indian Child as Defined by ICWA, 45 C.F.R. 1355.44(b)(3) (as codified in 2016)**

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Element:**<br>• Required agencies to report whether they had made inquiries as to child's ICWA status with the child, the child's parents, the child's Indian custodian (if any), and the extended family;<br>• whether the child is a member or eligible for membership in a tribe; and<br>• whether the child' residence is on a reservation. 81 FR 90535. | **2019 Proposed Action:**<br>• Proposed to narrow element by removing the list of specific people / entities.<br>• Proposed to require agencies to report on a yes/ no basis only whether the agency made inquiries at all. 84 FR 16579. | **2020 Action:**<br>• Finalized as proposed in the 2019 NPRM. 85 FR 28414. |
| **2016 Rationale for Element**:<br>• "Without inquiry, many [ICWA] children are not identified, thereby denying children, parents, and Indian tribes procedural and substantive protections under ICWA." 81 FR 20288.<br>• Failure to adequately "research whether a child is an Indian child risks [the] children not being identified, and risks delay, expensive repetition of court proceedings, and placement instability if it is later discovered that a child is an Indian child under ICWA." 81 FR 90535.<br>• The "data will help identify of which sources title IV– E agencies most often inquire about whether a child is an Indian child as defined in ICWA and for which sources title IV–E agencies may need resource or training to support inquiry." *Id*. | **Rationale for Narrowing Element:**<br>• The "specifics of the individual people/ entities inquired with are better suited for a qualitative review because this information is too detailed for national statistics and therefore would be difficult to portray in a meaningful way." 84 FR 16579.<br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id*. | **Rationale for Action:**<br>• ACF "did not receive comments specific to this data element." 85 FR 28414.<br><br><br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id*. |
| Cites: 81 FR 90535; 81 FR 20288. | Cites: 84 FR 16579. | Cites: 85 FR 28414. |

## Data Element: Application of ICWA, 45 C.F.R. 1355.44(b)(4) (as codified in 2016)

| 2016 Element: | 2019 Proposed Action: | 2020 Action: |
|---|---|---|
| - Agencies must report whether they knew or had reason to know that ICWA applies.<br>- If the agency answers yes, they must indicate the date they first discovered the relevant information and;<br>- Indicate all tribe(s) with which the child may potentially be associated. 81 FR 90536. | - Proposed to narrow the element by removing requirements to report whether agency had reason to know whether ICWA applies and, if so, when they learned the relevant information.<br>- Proposed to require agencies to report only whether a child is a member of or eligible for membership in a tribe and, if so, to list all tribe(s) with which the child may be associated.<br>- Proposed to rename data element as "Child's Tribal Membership." 84 FR 16579. | - Finalized as proposed in the 2019 NPRM. 85 FR 28414. |
| **Rationale for Element:**<br>- These data elements "are essential because application of ICWA triggers procedural and substantive protections and this data will provide a national number of children in the out-of-home care reporting population to whom ICWA applies." 81 FR 90536.<br>- "The date the agency received information as to whether the child is an Indian child under ICWA is essential to understanding the time-lapse between knowing that a child is an Indian child and tribal notification. A long time-lapse can indicate a delay in the application of the ICWA protections." 81 FR 20,288.<br>- "[I]identifying Indian tribes that may potentially be the Indian child's tribe will help tribes, states, and the federal government direct resources into developing relationships that will streamline the process of identifying Indian children." *Id*. | **Rationale for Narrowing Element:**<br>- None provided. 84 FR 16579.<br><br>**Discussion of 2016 Rationale:**<br>- None provided. *See id*. | **Rationale:**<br>- ACF "did not receive comments specific to this data element." 85 FR 28414.<br><br>**Discussion of 2016 Rationale:**<br>- None Provided. *See id*. |
| Cites: 81 FR 90536; 81 FR 20288. | Cites: 84 FR 16579. | Cites: 85 FR 28414. |

## Data Element: Court Determination That ICWA Applies, 45 C.F.R. 1355.44(b)(5) (as codified in 2016)

| 2016 Element: | 2019 Proposed Action: | 2020 Action: |
|---|---|---|
| <ul><li>Required agencies to report whether a court determined that ICWA applies by indicating ''yes, ICWA applies,'' ''no, ICWA does not apply,'' or ''no court determination.''</li><li>If the agency indicated ''yes, ICWA applies,'' the agency was required to report the date that the court determined that ICWA applies, and;</li><li>the Indian tribe the court determined to be the Indian child's tribe. 81 FR 90536.</li></ul> | <ul><li>Proposed to narrow the element by removing requirements to report on the court's ICWA determination and to report on the tribes that have been determined to be the child's tribe.</li><li>Proposed to require agencies to report only whether ICWA applies for the child, with a response of 'yes', 'no', or 'unknown,' and;</li><li>if yes, the date the state title IV–E agency was notified of this determination.</li><li>Proposed to rename element to "Application of ICWA." 84 FR 16579-80.</li></ul> | <ul><li>Finalized as proposed in the 2019 NPRM. 85 FR 28414.</li></ul> |
| **Rationale for Element:**<ul><li>"[D]ata elements related to whether ICWA applies are essential because application of ICWA triggers procedural and substantive protections[.]"81 FR 90536</li><li>"[T]his data will provide a national number of children in the out-of-home care reporting population to whom ICWA applies." *Id*.</li><li>Identifying tribes "will help tribes, states, and the federal government direct resources into developing relationships that will streamline the process of identifying Indian children." 81 FR 20288.</li></ul>Cites: 81 FR 90536; 81 FR 20288. | **Rationale for Narrowing Element:**<ul><li>"[C]ommenters to the ANPRM felt some of the ICWA-related data elements were redundant because they asked for similar information in multiple data elements." 84 FR 16780.</li></ul>**Discussion of 2016 Rationale:**<ul><li>"The data we propose to collect in paragraph (b)(5) . . . will provide a national number of the children in the out-of-home care reporting population to whom ICWA applies." *Id*.</li><li>Does not address the 2016 discussion of need to identify tribes. *See id.* at 16579-80.</li></ul>Cites: 84 FR 16579-80. | **Rationale:**<ul><li>ACF "did not receive comments specific to this data element." 85 FR 28414.</li></ul>**Discussion of 2016 Rationale:**<ul><li>None Provided. *See id.*</li></ul>Cites: 85 FR 28414. |

3

### Data Element: Notification, 45 C.F.R. 1355.44(b)(6) (as codified in 2016)

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Element:**<br>• If ICWA applies, agencies were required to report whether the Indian child's parent or Indian custodian was sent legal notice of the child custody proceeding more than 10 days prior to the first child custody proceeding;<br>• whether the Indian child's tribe(s) (if known) was sent legal notice of the child custody proceedings more than 10 days prior to the first child custody proceeding;<br>• and the name(s) of the tribe(s) sent notice. 81 FR 90536. | **2019 Proposed Action:**<br>• Proposed to narrow element by removing requirement to report on whether parents / custodians received notice, as well as requirement to report whether notice was sent more than 10 days prior to proceeding.<br>• Proposed to only require the agency to respond with ''yes'' or ''no'' that it sent notification to the Indian tribe. 84 FR 16580. | **2020 Action:**<br>• Finalized as proposed in the 2019 NPRM. 85 FR 28414. |
| **2016 Rationale for Element**:<br>• "Notice . . . and the timing of the notice is an essential procedural protection provided by ICWA" because it "is critical to meaningful access to and participation in adjudications." 81 FR 20289.<br>• "Further, improper notice is a common basis for an appeal under ICWA, resulting in failure of process and unnecessary costs and delay." *Id*.<br>• "The data reported in this section will provide an understanding of how legal notice and adherence to the timeframes in ICWA may impact an Indian child's case." *Id*.<br>• "The data will also help identify technology, capacity, and training needs for meeting legal notice requirements, as well as opportunities for technical assistance and relationship-building between states and tribes." *Id*.<br><br>Cites: 81 FR 90536; 81 FR 20289. | **Rationale for Narrowing Element:**<br>• None provided. *See* 84 FR 16580.<br><br><br><br><br><br><br><br><br><br><br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id.*<br><br>Cites: 84 FR 16580. | **Rationale for Action:**<br>• Noted some commenters' request to add back elements that would require reporting whether parents and custodians received notice. 85 FR 28414.<br>• Rejected the request "because we are moving forward with requiring a streamlined set of data elements from states for identifying [ICWA children] and we do not need more details in federally reported AFCARS data related to ICWA notifications." *Id*.<br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id.*<br><br>Cites: 85 FR 28414. |

4

## Data Elements: Request to Transfer to Tribal Court and Denial of Transfer, 45 C.F.R. 1355.44(b)(7), (b)(8) (as codified in 2016)

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Elements:**<br>• If ICWA applies, agencies were required to report whether either parent, the Indian custodian, or Indian child's tribe requested that the state court transfer the proceeding to the jurisdiction of the child's tribe.<br>• If a transfer was requested, agencies were required to report whether the state court denied the request and, if so, the reason for the denial from a list of three options:<br>• (1) The parents objected to the transfer; or<br>• (2) the tribal court declined the transfer; or<br>• (3) the state court determined good cause exists for denying the transfer to the tribal court. 81 FR 90537. | **2019 Proposed Action:**<br>• Proposed to delete these elements entirely. 84 FR 16577. | **2020 Action:**<br>• Deleted as proposed in the 2019 NPRM. *See* 85 FR 28410 (noting that the 2020 Final Rule "finalize[d] the . . . data elements proposed in the 2019 NPRM"). |
| **2016 Rationale for Element**:<br>• This data "will provide an understanding of how many [ICWA] children in foster care . . . are or are not transferred to the Indian child's tribe and an understanding of the reasons why a state court did not transfer the case." 81 FR 20289.<br>• "[T]ransfer data will aid in identifying capacity needs and issues . . . that may prevent tribes from taking jurisdiction. Transfer data will help identify opportunities to build relationships between states and tribes." *Id.*<br>• "The data will also indicate whether additional tribal court resources are needed to improve transfer rates, or additional training for state courts is required regarding appropriate 'good cause' exceptions to transfer." *Id.*<br><br>Cites: 81 FR 90537; 81 FR 20289. | **Rationale for Deleting Elements:**<br>• Stated generally that all of the deleted ICWA elements "asked for detailed information" and were "not appropriate for AFCARS." 84 FR 16577.<br>• "We do not require reporting on the specifics of ICWA requirements as to [transfers] . . . because this information is better for a qualitative assessment that can provide context." *Id.*<br>• Stated that other AFCARS data elements "can be used to inform a qualitative assessment" on transfers in the ICWA context. *Id.*<br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id.*<br><br>Cites: 84 FR 16577. | **Rationale for Action:**<br>• This element was not discussed at all in the 2020 Final Rule.<br><br><br><br><br><br>**Discussion of 2016 Rationale**:<br>• This element was not discussed at all in the 2020 Final Rule.<br><br>Cites: 85 FR 28410. |

5

## Data Element: Involuntary Termination/Modification of Parental Rights Under ICWA, 45 C.F.R. 1355.44(c)(6) (as codified in 2016)

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Element:**<br>• If there was an involuntary termination or modification of parental rights ("TPR") and if ICWA applies, agencies were required to indicate whether the court found that continued custody by the parent or custodian is likely to result in serious emotional or physical damage;<br>• whether the court decision to involuntarily terminate parental rights included the testimony of one or more qualified expert witnesses; and<br>• whether prior to TPR, the court concluded that active efforts have been made to prevent the breakup of the Indian family. 81 FR 90546. | **2019 Proposed Action:**<br>• Proposed to delete this element entirely. 84 FR 16577. | **2020 Action:**<br>• Deleted as proposed in the 2019 NPRM. *See* 85 FR 28410 (noting that the 2020 Final Rule "finalize[d] the . . . data elements proposed in the 2019 NPRM"). |
| **2016 Rationale for Element**:<br>• "Congress specifically created minimum federal standards for removal of an Indian child to prevent the breakup of Indian families and to promote the stability and security of families and Indian tribes by preserving the child's links to their parents and to the tribe through the child's parent(s)." 81 FR 90546.<br>• "Further, a TPR may affect a child's ability to be a full member of his/her tribe, preventing the child from accessing services and benefits available to tribal members." 81 FR 20291.<br>• This data will "inform[] ACF as to when an Indian child's parental rights are terminated, helps identify the need for training and technical assistance to meet statutory standards, and highlights substantive opportunities for building relationships between states and tribes." *Id*. | **Rationale for Deleting Elements:**<br>• Stated generally that all of the deleted ICWA elements "asked for detailed information" and were "not appropriate for AFCARS." 84 FR 16577.<br>• Stated that other AFCARS data elements "can be used to inform a qualitative assessment [on TPR in the ICWA context] because these decisions are specific to each case and court action and thus need context to fully understand them." *Id*. at 16578.<br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id*. at 16577-78. | **Rationale for Action:**<br>• This element was not discussed at all in the 2020 Final Rule.<br><br><br><br>**Discussion of 2016 Rationale**:<br>• This element was not discussed at all in the 2020 Final Rule. |
| Cites: 81 FR 90546; 81 FR 20291. | Cites: 84 FR 16577-78. | Cites: 85 FR 28410. |

6

## Data Element: Voluntary Termination/Modification of Parental Rights Under ICWA, 45 C.F.R. 1355.44(c)(7) (as codified in 2016)

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Element:**<br>• If there was a voluntary termination or modification of parental rights ("TPR") and if ICWA applies, agencies were required to report whether the consent to the TPR was executed in writing and recorded before a court of competent jurisdiction with a certification by the court that the terms and consequences of consent were explained on the record in detail and were fully understood by the parent or Indian custodian. 81 FR 90547. | **2019 Proposed Action:**<br>• Proposed to delete this element entirely. 84 FR 16577. | **2020 Action:**<br>• Deleted as proposed in the 2019 NPRM. *See* 85 FR 28410 (noting that the 2020 Final Rule "finalize[d] the . . . data elements proposed in the 2019 NPRM"). |
| **2016 Rationale for Element**:<br>• "Congress specifically created minimum federal standards for removal of an Indian child to prevent the breakup of Indian families and to promote the stability and security of families and Indian tribes by preserving the child's links to their parents and to the tribe through the child's parent(s)." 81 FR 20291.<br>• A "TPR may affect a child's ability to be a full member of [their] tribe, preventing the child from accessing services . . . [for] members." *Id.*<br>• This data will "inform[] ACF as to when an Indian child's parental rights are terminated, help[] identify the need for training and technical assistance to meet statutory standards, and highlight[] substantive opportunities for building relationships between states and tribes." *Id.* | **Rationale for Deleting Element:**<br>• Stated generally that all of the deleted ICWA elements "asked for detailed information" and were "not appropriate for AFCARS." 84 FR 16577.<br>• Stated that other AFCARS data elements "can be used to inform a qualitative assessment [on TPR in the ICWA context] because these decisions are specific to each case and court action and thus need context to fully understand them." *Id.* at 16578.<br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id.* at 16577-78. | **Rationale for Action:**<br>• This element was not discussed at all in the 2020 Final Rule.<br><br><br><br><br><br>**Discussion of 2016 Rationale**:<br>• This element was not discussed at all in the 2020 Final Rule. |
| Cites: 81 FR 90547; 81 FR 20291. | Cites: 84 FR 16577-78. | Cites: *See* 85 FR 28410. |

7

### Data Element: Removals Under ICWA, 45 C.F.R. 1355.44(d)(3) (as codified in 2016)

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Element:**<br>• If ICWA applies, agencies were required to report whether the court order for foster care placement was made as a result of clear and convincing evidence that continued custody by the parent or Indian custodian was likely to result in serious emotional or physical damage;<br>• whether the evidence presented included the testimony of a qualified expert witness; and<br>• whether the evidence presented indicates that active efforts have been made to prevent the breakup of the Indian family and that those efforts were unsuccessful. 81 FR 90547. | **2019 Proposed Action:**<br>• Proposed to delete this element entirely. 84 FR 16577. | **2020 Action:**<br>• Deleted as proposed in the 2019 NPRM. *See* 85 FR 28410 (noting that the 2020 Final Rule "finalize[d] the . . . data elements proposed in the 2019 NPRM"). |
| **2016 Rationale for Element**:<br>• ICWA's removal requirements are designed to "prevent the continued breakup of Indian families. ICWA's legislative history reflects clear Congressional intent: . . . 'Indian families face vastly greater risks of involuntary separation than are typical of our society as a whole.'" 81 FR 20289.<br>• "[T]he removal data elements will provide data on the extent to which Indian children as defined in ICWA are removed in a manner that conforms to ICWA's standards, inform[] ACF about the frequency of and evidentiary standards applied to removals of Indian children, help[] identify needs for training and technical assistance related to ICWA, and highlight[] substantive opportunities for building and improving relationships between states and tribes." 81 FR 90548.<br><br>Cites: 81 FR 90547-48; 81 FR 20289. | **Rationale for Deleting Element:**<br>• Stated generally that all of the deleted ICWA elements "asked for detailed information" and were "not appropriate for AFCARS." 84 FR 16577.<br>• Did not provide a rationale specific to this element. *See id.*<br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id.*<br><br><br><br>Cites: 84 FR 16577. | **Rationale for Action:**<br>• This element was not discussed at all in the 2020 Final Rule.<br><br><br><br>**Discussion of 2016 Rationale**:<br>• This element was not discussed at all in the 2020 Final Rule.<br><br>Cites: 85 FR 28410. |

8

**Data Element: Available ICWA Placements, Placement Preferences Under ICWA, Good Cause Under ICWA, and Basis for Good Cause, 45 C.F.R. 1355.44(e)(8)-(11) (as codified in 2016)**

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Elements:**<br>- If ICWA applies, agencies were required to indicate which of the following foster care and pre-adoptive placements were willing to accept placement of the Indian child:<br>  - A member of the extended family;<br>  - a foster home licensed or approved by the child's tribe;<br>  - an Indian foster home licensed by a non-Indian licensing authority;<br>  - an institution for children approved by the tribe or operated by an Indian organization with a program suitable to meet the child's needs; and<br>  - a placement that complies with the order of preference for placements established by an Indian child's tribe<br>- Agencies were also required to report whether child's actual placement(s) complied with ICWA's placement preferences.<br>- If not, agency was required to report whether the court determined that there was good cause for departing from the preferences and, if so, to indicate the court's basis for good cause from a list of five response options. 81 FR 90552-53. | **2019 Proposed Action:**<br>- Proposed to delete these four elements entirely. 84 FR 16577. | **2020 Action:**<br>- Deleted as proposed in the 2019 NPRM. *See* 85 FR 28410 (noting that the 2020 Final Rule "finalize[d] the . . . data elements proposed in the 2019 NPRM"). |
| **2016 Rationale for Elements:**<br>- Placement preferences "promote the stability and security of families and Indian tribes by keeping Indian children with their extended families or in Indian foster homes and communities." 81 FR 20290.<br><br>Continued on Next Page. | **2019 Rationale for Deleting Elements:**<br>- Stated generally that all of the deleted ICWA elements "asked for detailed information" and were "not appropriate for AFCARS." 84 FR 16577.<br><br>Continued on Next Page. | **2020 Rationale for Action:**<br>- This element was not discussed at all in the 2020 Final Rule.<br><br>Continued on Next Page. |

9

| | | |
|---|---|---|
| <ul><li>"The availability of foster care placements that meet ICWA's preferences is critical for meeting the purposes of ICWA." 81 FR 90552.</li><li>"[T]hese data elements will allow ACF to distinguish between cases in which there was no available ICWA-preferred placement and those cases where an available ICWA-preferred placement was not used despite its availability." 81 FR 20290.</li><li>"Reporting information on good cause will help agencies better understand why the ICWA placement preferences are not followed." *Id.*</li><li>"This information is essential for ACF to determine whether resources are needed for recruitment to increase the availability of AI/AN homes that can meet ICWA's placement preferences." 81 FR 90552.</li><li>"This information will help to identify the training and technical assistance needs of states to support recruitment and support foster families to meet the unique cultural, social, extracurricular, and linguistic needs of Indian children." 81 FR 20290.</li></ul> Cites: 81 FR 90552; 81 FR 20290. | <ul><li>Stated that other data elements required by AFCARS "can be used to inform a qualitative assessment that will allow context, because placement decisions are specific to the child's needs." *Id.*</li></ul> **Discussion of 2016 Rationale**: <ul><li>None provided. *See id*.</li></ul> Cites: 84 FR 16577. | **Discussion of 2016 Rationale**: <ul><li>This element was not discussed at all in the 2020 Final Rule.</li></ul> Cites: 85 FR 28410. |

10

**Data Element: Active Efforts, 45 C.F.R. 1355.44(f)(10) (as codified in 2016)**

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Element:**<br>• If ICWA applies, agencies were required to indicate whether a list of thirteen different "active efforts"—which are designed to prevent the breakup of Indian families and to help reunite families—were provided prior to and during a child's stay in out-of-home care. 81 FR 90556. | **2019 Proposed Action:**<br>• Proposed to delete this element entirely. 84 FR 16577. | **2020 Action:**<br>• Deleted as proposed in the 2019 NPRM. *See* 85 FR 28410 (noting that the 2020 Final Rule "finalize[d] the . . . data elements proposed in the 2019 NPRM"). |
| **2016 Rationale for Element**:<br>• ICWA's requirement that agencies make active efforts to prevent the breakup of the family "provide[s] a critical protection against the removal and TPR of an Indian child from a fit and loving parent by ensuring that parents . . . are provided with service necessary to retain or regain custody of their child." 81 FR 90556.<br>• "[D]ata regarding active efforts will provide a better understanding of the status of Indian children in foster care, how these efforts may impact an Indian child's case, and the role of the courts in making findings." 81 FR 20289.<br>• "The data will also help identify service needs and efficacy; capacity needs; the need for training and technical assistance; and opportunities to build relationships between states and tribes." *Id.*<br>• "Data about the frequency [of] each active effort type . . . will help develop policy, resources, and technical assistance to support states to employ a range of efforts that can meet the needs of Indian children[.]" 81 FR 90556.<br><br>Cites: 81 FR 90556; 81 FR 20289. | **Rationale for Deleting Element:**<br>• Stated generally that all of the deleted ICWA elements "asked for detailed information" and were "not appropriate for AFCARS." 84 FR 16577.<br>• Did not provide a rationale specific to this element. *See id.*<br><br>**Discussion of 2016 Rationale**:<br>• None provided. *See id.*<br><br><br><br>Cites: 84 FR 16577. | **Rationale for Action:**<br>• This element was not discussed at all in the 2020 Final Rule.<br><br><br><br>**Discussion of 2016 Rationale**:<br>• This element was not discussed at all in the 2020 Final Rule.<br><br>Cites: 85 FR 28410. |

11

**Data Elements: Available ICWA Adoptive Placements; Adoption Placement Preferences Under ICWA; Good Cause Under ICWA; Basis For Good Cause, 45 C.F.R. 1355.44(h)(20)-(23) (as codified in 2016)**

| 2016 Rulemaking | 2019 Proposed Rulemaking | 2020 Rulemaking |
|---|---|---|
| **Summary of Data Elements:**<br>• If ICWA applies, agencies were required to indicate which of the following adoptive placements were willing to accept placement of the child:<br>   o A member of the extended family;<br>   o Other members of the child's tribe;<br>   o Other Indian families; and<br>   o A placement that complies with the preferences for adoptive placements established by the child's tribe.<br>• Agencies were also required to report whether child's actual placement(s) complied with ICWA's placement preferences.<br>• If not, agency was required to report whether the court determined that there was good cause for departing from the preferences and, if so, to indicate the court's basis for good cause from a list of five response options. 81 FR 90560-61. | **2019 Proposed Action:**<br>• Proposed to delete these four elements entirely. 84 FR 16577. | **2020 Action:**<br>• Deleted as proposed in the 2019 NPRM. *See* 85 FR 28410 (noting that the 2020 Final Rule "finalize[d] the . . . data elements proposed in the 2019 NPRM"). |
| **2016 Rationale for Elements:**<br>• Placement preferences "promot[e] the stability and security of families and Indian tribes by keeping adopted Indian children with their extended families, tribes or communities." 81 FR 20291.<br>• ACF explained that these data elements will: "assist in identifying trends or problems that may require enhanced recruitment of potential Indian adoptive homes";<br><br>Continued on Next Page. | **2019 Rationale for Deleting Elements:**<br>• Stated generally that all of the deleted ICWA elements "asked for detailed information" and were "not appropriate for AFCARS." 84 FR 16577.<br>• Stated that other data elements required by AFCARS "can be used to inform a qualitative assessment that will allow context, because placement decisions are specific to the child's needs." *Id.*<br><br>Continued on Next Page. | **Rationale for Action:**<br>• This element was not discussed at all in the 2020 Final Rule.<br><br><br><br><br><br><br><br>Continued on Next Page. |

12

| | Discussion of 2016 Rationale: | Discussion of 2016 Rationale: |
|---|---|---|
| <ul><li>"allow ACF to distinguish between ICWA cases in which there was no available ICWA placement and those cases where an available ICWA-placement was not used"; and</li><li>"help to identify the scope of resources for . . . technical assistance needed for states to recruit and support adoptive families to meet the unique cultural, social, and enrichment activity needs of Indian children." *Id.*</li><li>"Reporting information on good cause to not follow . . . placement preferences will help to understand why the . . . placement preferences are not followed, and will aid in identifying . . . training and resource needs[.]" *Id.*</li><li>ACF rejected concerns that these data elements were too subjective, explaining that "whether a home is available is not a subjective . . . determination but rather is evidence offered by the . . . agency to the court that there is good cause to deviate from ICWA's placement preferences in a particular case[.]" 81 FR 90560.</li><li>"This information is essential for ACF to determine whether resources are needed for recruitment to increase the availability of AI/AN homes that can meet ICWA's placement preferences for adoption." *Id*.</li><li>"As we indicated in the preamble to the 2016 SNPRM, reporting information on good cause will help agencies better understand why the ICWA placement preferences are not followed. In addition, such information will aid in targeting training and resources needed to assist states in improving Indian child outcomes." *Id.*</li></ul> | <ul><li>None provided. *See id.*</li></ul> | <ul><li>This element was not discussed at all in the 2020 Final Rule.</li></ul> |
| Cites: 81 FR 90560-61; 81 FR 20291. | Cites: 84 FR 16577. | Cites: 85 FR 28410. |

13

## Summary of Federal Register Cites For Each Narrowed or Deleted ICWA Data Element

| ICWA Data Element | 2016 SNPRM | 2016 Final Rule | 2019 NPRM | 2020 Final Rule |
|---|---|---|---|---|
| Reason to Know That A Child is an Indian Child as Defined by ICWA* | 81 FR 20288 | 81 FR 90535 | 84 FR 16579 | 85 FR 28414 |
| Application of ICWA* | 81 FR 20288 | 81 FR 90536 | 84 FR 16579 | 85 FR 28414 |
| Court Determination that ICWA Applies* | 81 FR 20288 | 81 FR 90536 | 84 FR 16579-80 | 85 FR 28414 |
| Notification* | 81 FR 20289 | 81 FR 90536 | 84 FR 16580 | 85 FR 28414 |
| Request to Transfer to Tribal Court** | 81 FR 20289 | 81 FR 90537 | 84 FR 16777 | No discussion |
| Denial of Transfer** | 81 FR 20289 | 81 FR 90537 | 84 FR 16777 | No discussion |
| Involuntary Termination/Modification of Parental Rights Under ICWA** | 81 FR 20291 | 81 FR 90546 | 84 FR 16577-78 | No discussion |
| Voluntary Termination/Modification of Parental Rights Under ICWA** | 81 FR 20291 | 81 FR 90547 | 84 FR 16577-78 | No discussion |
| Removals Under ICWA** | 81 FR 20289 | 81 FR 90547-48 | No discussion | No discussion |
| Available ICWA Foster Care and Pre-Adoptive Placements Preferences** | 81 FR 20290 | 81 FR 90552 | 84 FR 16777 | No discussion |
| Foster Care and Pre-Adoptive Placement Preferences Under ICWA** | 81 FR 20290 | 81 FR 90552 | 84 FR 16777 | No discussion |
| Good Cause Under ICWA** | 81 FR 20290 | 81 FR 90553 | 84 FR 16777 | No discussion |
| Basis for Good Cause** | 81 FR 20290 | 81 FR 90553 | 84 FR 16777 | No discussion |
| Active Efforts** | 81 FR 20289 | 81 FR 90556 | No discussion | No discussion |
| Available ICWA Adoptive Placements** | 81 FR 20291 | 81 FR 90560 | 84 FR 16777 | No discussion |
| Adoption Placement Preferences Under ICWA** | 81 FR 20291 | 81 FR 90560 | 84 FR 16777 | No discussion |
| Good Cause Under ICWA** | 81 FR 20291 | 81 FR 90560 | 84 FR 16777 | No discussion |
| Basis for Good Cause** | 81 FR 20291 | 81 FR 90560-61 | 84 FR 16777 | No discussion |

\* Data element was narrowed by the 2020 Final Rule.
\*\* Data element was deleted by the 2020 Final Rule.