# Exhibit B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CALIFORNIA TRIBAL FAMILIES COALITION, YUROK TRIBE, CHEROKEE NATION, FACING FOSTER CARE IN ALASKA, ARK OF FREEDOM ALLIANCE, RUTH ELLIS CENTER, and TRUE COLORS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>XAVIER BECERRA, in his official capacity as Secretary of Health and Human Services, JOOYEUN CHANG, in her official capacity as Assistant Secretary for the Administration for Children and Families, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES, and ADMINISTRATION FOR CHILDREN AND FAMILIES,<br><br>Defendants. | Case No. 3:20-cv-6018-MMC |

**DECLARATION OF AYSHA SCHOMBURG, J.D., ASSOCIATE COMMISSIONER, CHILDREN'S BUREAU, ADMINISTRATION FOR CHILDREN AND FAMILIES, U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES**

I, Aysha Schomburg, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that my testimony below is true and correct:

1. I am the Associate Commissioner of the Children's Bureau within the Administration for Children and Families ("ACF"), in the United States Department of Health and Human Services ("HHS"). I joined the Biden Administration in March 2021. As Associate Commissioner, I head the Children's Bureau ("CB") and am responsible for overseeing the administration of the various federal child welfare programs authorized by titles IV-B and IV-E of the Social Security Act and the Child Abuse Prevention and Treatment Act. The Children's Bureau partners with federal, state, tribal, and local agencies to improve the overall health and well-being of our nation's children and families. My role is to advise the Administration on matters related to child welfare, including child abuse and neglect,

1

child protective services, family preservation and support, adoption, foster care, and independent living. Under my leadership, the Children's Bureau recommends legislative and budgetary proposals, operational planning system objectives and initiatives, and projects and issue areas for evaluation, research, and demonstration activities.

2. I received my B.A. degree from the University of Virginia, my M.A. from New York University and my J.D. from New York Law School.

3. In addition to my personal knowledge regarding AFCARS, this declaration is based upon other knowledge and information I obtained in the regular course of business throughout my career in child welfare. I provide this declaration based on the best of my knowledge, information, belief, and reasonable inquiry for the above-captioned case.

4. I am submitting this declaration in order to explain ACF/CB's commitment to reconsidering the 2020 AFCARS rule (without confessing any error in its promulgation) and ACF/CB's intent to seek the necessary Departmental approval to propose the collection of the Indian Child Welfare Act ("ICWA") and sexual orientation data elements at issue in this litigation under one/more legal authorities, including but not limited to AFCARS.

5. The Children's Bureau is responsible for the implementation and management of the Adoption and Foster Care Analysis and Reporting System (AFCARS). State and Tribal title IV-E agencies must report biannually to AFCARS case-level information on all children in foster care and children adopted with the involvement of a title IV-E agency.

6. In administering the federal title IV-E foster care and adoption assistance programs, Children's Bureau and ACF use the AFCARS data for a number of purposes, including:

- Responding to Congressional requests for current data on children in foster care or those who have been adopted;
- Responding to questions and requests from other Federal departments and agencies, including the General Accounting Office ("GAO"), the Office of Management and Budget

2

("OMB"), HHS' Office of Inspector General ("OIG"), national advocacy organizations, States, Tribes, and other interested organizations;

- Developing short and long-term budget projections;
- Developing trend analyses and short and long-term planning;
- Targeting areas for greater or potential technical assistance efforts, for discretionary service grants, research and evaluation, and regulatory change; and
- Determining and assessing outcomes for children and families.

7. In 1993, the Secretary promulgated the first AFCARS regulations. HHS later revised the AFCARS rule in 2016, but the provisions published in the Federal Register never were implemented.

8. In May 2020, HHS issued a final AFCARS rule that retained, revised, and removed elements included in the 2016 AFCARS rule. Some of the elements removed concerned implementation of the Indian Child Welfare Act (ICWA) and sexual orientation data of foster children and foster/adoptive parents and legal guardians. The Administration for Children and Families ("ACF") within HHS intends to seek departmental clearance from agency leadership, and if clearance is received, work to issue one/more Notice of Proposed Rulemaking ("NPRM") and seek public comment regarding a rule(s) that would include the ICWA and sexual orientation data that were in the version of the rule promulgated in 2016 and removed by the 2020 final rule. Specifically, ACF is currently taking concrete, good faith steps towards obtaining the approvals needed to begin the rule-making process under one/more legal authorities, including AFCARS and sections 471(a)(6) and 476(a)(2) of the Social Security Act.

9. It is ACF/CB's position that issuing one/more NPRM to collect this additional information on youth who are identified as being subject to the protections of ICWA and youth who identify as lesbian, gay, bisexual, transgender or queer ("LGBTQ+") and their caretakers will enhance racial equity and help avoid discrimination based on gender identity or sexual orientation.

I, Aysha Schomburg, declare under penalty of perjury that the foregoing is true and correct. Executed on October 14, 2021.

_____

Aysha Schomburg